**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GRONIMO HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 05731 |
| | ) | |
| FOREST PRESERVE DISTRICT OF | ) | Honorable Robert M. Dow, Jr. |
| COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE
PORTIONS OF PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Defendant, Forest Preserve District of Cook County, Illinois (the "District"), by and through its attorneys, moves this Honorable Court to strike portions of Plaintiff's Statement of Facts Requiring the Denial of Summary Judgment ("Additional Facts"). A copy of Plaintiff's Statement of Additional Facts is attached as Exhibit 1. In support of this motion, the District states as follows.

District courts have the power to strike a response to a motion for summary judgment when the non-moving party fails to comply with the local rules regarding that response. *Rosemary B. v. Bd. of Education of Comm. High School Dist*, No. 155, 52 F.3d 156 (7th Cir. 1995). It is well recognized that courts require strict adherence to the local rules. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has repeatedly sustained the entry of summary judgment when the non-movant has failed to meet the requirements of the local rules); *Bell Boyd & Lloyd v. Tapy*, 896 F.2d 1101 (7th Cir. 1990). Failure to comply with the local rules is not a harmless technicality. *Rosemary*, 52 F.3d at 158.

Local Rule 56.1(b)(3)(C), requires the party opposing a motion for summary judgment to serve and file:

> a statement consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, *including references to the affidavits, parts of the record, and other supporting materials relied upon*.

N.D. Ill. Local Rule 56.1(b)(3)(C) (emphasis added).

In addition, the non-moving party's statement of additional facts must comply with the Federal Rules of Evidence and courts routinely strike those facts that do not comply with the rules. *See Eisenstadt v. Centel Corp.*, 113 F. 3d 738, 742 (7th Cir. 1997); *Cody v. Harris*, 409 F.3d 853, 860-861 (7th Cir. 2005) (inadmissible facts were excluded and summary judgment granted in favor of the defendant-employer); *Smith v. Allstate Ins. Corp.*, 2002 WL 485374, *9 (N.D. Ill. Mar. 29, 2002)(additional facts that were irrelevant and that lacked foundation were stricken). A motion to strike is the proper method to challenge a statement of additional facts that fails to comply with the local rules or the rules of evidence. *Id.*

Here, plaintiff's Additional Fact number 6 should be stricken because there is no foundation for the statement. The text of plaintiff's Additional Fact number 6 and the District's objection are listed below:

| # | Plaintiff's Additional Fact | Plaintiff's Reference |
|---|---|---|
| 6 | Defendant failed to take any action to eliminate discrimination. | **Tab 3** Hernandez Affidavit ¶ 7 |

**OBJECTION**: The District objects to Additional Fact 6 because Plaintiff has no foundation to make this statement. Plaintiff has no personal knowledge that the District "failed to take any action to eliminate discrimination." Accordingly, Additional Fact number 6 should be stricken.

For the reasons stated herein, the District moves this Court to strike plaintiff's Additional Fact number 6, and for any further relief this court deems appropriate.

Respectfully submitted,

**FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS**

By: s/ Ronald Austin, Jr.

Hubert O. Thompson, hthompson@brothersthompson.com
Ronald Austin, Jr., raustin@brothersthompson.com
**BROTHERS & THOMPSON, P.C.**
100 West Monroe Street, Suite 1700
Chicago, Illinois 60603
P: (312) 372-2909
F: (312) 704-6693