# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GRONIMO HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cv-5731 |
| ) | |
| FOREST PRESERVE DISTRICT OF ) | Judge Robert M. Dow, Jr. |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gronimo Hernandez filed this civil rights action against the Forest Preserve District of Cook County ("District") on October 7, 2008, alleging national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Before the Court is the District's motion for summary judgment [29]. For the reasons stated below, the District's motion for summary judgment [29] is denied.

## I.     Background

The Court takes the relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements[1]:   Defendant's Statement of Facts ("Def. SOF") [32], Plaintiff's Response to

---

[1] L.R. 56.1 requires that statements of facts contain allegations of material fact and that factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford,* 191 F.R.D. 581, 583-85 (N.D. Ill. 2000). The Seventh Circuit repeatedly has confirmed that a district court has broad discretion to require strict compliance with L.R. 56.1. See, *e.g., Koszola v. Bd. of Educ. of the City of Chicago,* 385 F.3d 1104, 1109 (7th Cir. 2004); *Curran v. Kwon,* 153 F.3d 481, 486 (7th Cir. 1998) (citing *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1317 (7th Cir. 1995) (collecting cases)). Where a party has offered a legal conclusion or a statement of fact without offering proper evidentiary support, the Court will not consider that statement. See, *e.g., Malec,* 191 F.R.D. at 583. Additionally, where a party improperly denies a statement of fact by failing to provide adequate or proper record support for the denial, the Court deems that statement of fact to be admitted. See L.R. 56.1(a), 56.1(b)(3)(B); see also *Malec,* 191 F.R.D. at 584. The requirements for a response under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000). In addition, the Court disregards any additional statements of

Defendant's Statement of Facts ("Pl. Resp.") [46], and Plaintiff's Statement of Additional Facts ("Pl. SOF") [43].

In September 2006, the District hired Hernandez, who is Puerto Rican, as a maintenance mechanic. Def. SOF ¶¶ 2, 3. On February 1, 2007, Hernandez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the District discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964. Def. SOF ¶ 4. Eight days later, on February 9, 2007, Hernandez filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Northern District of Illinois. Def. SOF ¶ 5. Hernandez failed to list his claims against the District on his bankruptcy petition. Def. SOF ¶ 6. On October 7, 2008, after obtaining a Notice of Right to Sue from the EEOC, Hernandez filed this action. Def. SOF ¶ 7.

According to Hernandez, he did not know that he was required to list the EEOC charge on his bankruptcy schedule, nor did his bankruptcy attorney – who was aware of the EEOC charge – advise him to do so. Pl. SOF ¶¶ 2, 8, 9. Hernandez states in his affidavit that when he filed the EEOC charge, he did not intend to seek monetary compensation for his discrimination and retaliation claims. Pl. SOF ¶ 4. Rather, he merely intended to bring the discrimination to the District's attention. Pl. SOF ¶ 5. Hernandez further testifies that he has instructed his attorneys in this matter to engage his former bankruptcy attorney to reopen the bankruptcy estate and amend the schedules to include Hernandez's claims against the District, as well as to alert his

---

fact contained in a party's response brief but not in its L.R. 56.1(b)(3)(B) statement of additional facts. See, *e.g.*, *Malec*, 191 F.R.D. at 584 (citing *Midwest Imports*, 71 F.3d at 1317). Similarly, the Court disregards a denial that, although supported by admissible record evidence, does more than negate its opponent's fact statement – that is, it is improper for a party to smuggle new facts into its response to a party's L.R. 56.1 statement of fact. See, *e.g.*, *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008).

creditors to these claims.[2] Pl. SOF ¶ 11. The Court's review of the docket in Plaintiff's bankruptcy case (bankruptcy petition no. 07-02286) indicates that on February 19, 2010, Plaintiff filed a motion to modify his Chapter 13 plan to provide that any recovery from this suit be paid into the plan for the benefit of Plaintiff's creditors. On March 11, 2010, the bankruptcy court modified Plaintiff's Chapter 13 plan as follows: "the debtor's proceeds of his lawsuit against the Forest Preserve District of Cook County, Illinois, case number 08 CV 5731, if any remains after payment of expenses and attorney's fees of said suit, shall be paid into the Chapter 13 plan, but I no event more than the amount necessary to provide 100% distribution to unsecured."

## II. Legal Standard on Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an

---

[2] While the parties refer to the possibility of Plaintiff "reopening" his bankruptcy case, the Court notes that Plaintiff's bankruptcy case remains open, and has never been closed.

3

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## III. Analysis

The District argues that it is entitled to summary judgment because the discrimination and retaliation claims at issue existed at the time that Plaintiff filed for bankruptcy and consequently are property of the estate; therefore, the District contends, Plaintiff is not the real party in interest, and lacks standing to sue. Alternatively, the District maintains that even if Plaintiff were entitled to bring the claims himself, this Court should apply judicial estoppel to bar Plaintiff from recovering on the previously undisclosed claims. The Court addresses each argument in turn.

### A. Real Party in Interest

Under § 541 of the Bankruptcy Code, all of a debtor's property, including existing legal claims, become part of the bankruptcy estate at the time that the petition is filed. See 11 U.S.C. § 541(a)(1) ("estate is comprised of * * * all legal or equitable interests of the debtor in property as of the commencement of the case); *Biesek v. Soo Line Railroad Co.*, 440 F. 3d 410, 413 (7th Cir. 2006). Here, Plaintiff plainly was aware of the alleged discrimination and retaliation underlying his Title VII claims before he filed for bankruptcy. Therefore, Plaintiff's claims accrued prior to the commencement of his bankruptcy proceeding, and are part of the bankruptcy estate. See *Adams v. CBS Broadcasting, Inc.*, 61 Fed. Appx. 285, 287 (7th Cir. 2003) (under

4

federal discovery rule, Title VII cause of action accrues on the date plaintiff should reasonably have discovered the injury); *Nationwide Acceptance Corp. v. Markoff, Krasny, Goldman and Grant*, 2000 WL 1230434, at *2 (N.D. Ill. Aug. 23, 2000) (causes of action that accrue prior to commencement of bankruptcy proceeding must be included in bankruptcy estate).[3]

In the context of Chapter 7, the Seventh Circuit has held that debtors lack standing to assert pre-bankruptcy claims. See *Matthews v. Potter*, 316 Fed. Appx. 518, 521 (7th Cir. 2009) (unpublished) ("only the trustee, as the real party in interest, has standing to sue"); see also *Biesek*, 440 F.3d at 413 (debtor is not real party in interest because pre-bankruptcy claims belong to the trustee, for the benefit of the debtor's creditors).[4] The District argues that it is entitled to summary judgment because, under this line of cases, Plaintiff is not the real party in interest in this cause of action. However, the District overlooks the significant differences between Chapter

---

[3] Plaintiff's contention that he did not intend to pursue the Title VII claims for monetary purposes when he filed his claims with the EEOC in February 2007 is irrelevant to this analysis. The claims existed at the time that Plaintiff filed for bankruptcy and could have been pursued for the benefit of his creditors had they been properly disclosed.

[4] Courts tend to blur the distinction between standing to sue and the real party in interest doctrine and to use these terms interchangeably when discussing a debtor's right to assert pre-bankruptcy claims. To clarify, "both standing and real party in interest 'are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits.'" *Weissman v. Weener,* 12 F.3d 84, 86 (7th Cir. 1993) (quoting 6A Wright & Miller, Federal Practice and Procedure § 1542 (2d ed. 1990)). Here, there is no question that Plaintiff has Article III standing, in that he has alleged an injury in fact traceable to the conduct of the District that is likely to be redressed by the relief sought. See *Lee v. Deloitte & Touche LLP*, 428 F. Supp. 2d 825, 830 (N.D. Ill. 2006); *Tate v. Snap-On Tools Corp.*, 1997 WL 106275, at *4 (N.D. Ill. Feb.11, 1997). The question is whether Plaintiff is the real party in interest, meaning "the person who possesses the right sought to be enforced." 6A Wright & Miller, Federal Practice and Procedure § 1542 (2d ed. 2009); see also *Tate*, 1997 WL 106275, at *4. The real party in interest doctrine essentially is a prudential limitation on a plaintiff's ability to invoke federal jurisdiction, which is imposed by Rule 17 of the Federal Rules of Civil Procedure. *Tate*, 1997 WL 106275, at *4. Because it is not a constitutional requirement, the real party in interest doctrine does not act as a limitation on the subject matter jurisdiction of the federal courts, and Rule 17 objections can be waived. 6A Wright & Miller, Federal Practice and Procedure § 1542 (2d ed. 2009).

7 and Chapter 13.[5] Under Chapter 13, the debtor remains in possession of all property of the estate, including pre-existing legal claims. See 11 U.S.C.A. § 1306(b); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999). Therefore, unlike a Chapter 7 debtor, a Chapter 13 debtor has standing to bring claims in his own name for the benefit of his creditors. See *Cable*, 200 F.3d at 474 (holding that "[t]he proper practice for creditors and trustees is to allow the debtor-in-possession to exercise the powers assigned by §§ 1306(b) and 541, and sue in his own name for the estate"); *Calvin v. Potter*, 2009 WL 2588884, at *2 (N.D. Ill. Aug. 20, 2009) ("Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue claims *on behalf of the estate*") (emphasis in original). Therefore, Plaintiff is a real party in interest in this case, and the District is not entitled to summary judgment on that ground.

### B. Judicial Estoppel

The District next contends that even if Plaintiff is the real party in interest, Plaintiff should be judicially estopped from asserting his claims. "The doctrine of judicial estoppel is invoked to protect the integrity of the judicial process by estopping parties from asserting contradictory positions in court to derive an unfair advantage." *Swearingen-El v. Cook County Sheriff's Dept.*, 456 F. Supp. 2d 986, 990 (N.D. Ill. 2006). It is "an equitable concept providing that a party who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003) (citing *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)). Judicial estoppel may be applied where (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both

---

[5] While the District does address the distinction between Chapters 7 and 13, it relies solely on an unpublished Seventh Circuit decision for its view that it is a distinction without a difference in the context of the standing analysis. See *Becker v. Verizon North, Inc.*, 2007 WL 1224039, at *1 (7th Cir. April 25, 2007) (unpublished) (affirming grant of summary judgment against debtor reasoning, in part, that debtor lacked standing because debtor's claims were part of her bankruptcy estate and belonged to the trustee). Plaintiff fails even to note the difference between the two.

6

cases; and (3) the party to be estopped convinced the first court to adopt its position. *Hook*, 195 F.3d at 306. Numerous courts, including the Seventh Circuit, have held that judicial estoppel blocks a debtor from pursuing a claim for his own benefit that he failed to disclose in his bankruptcy proceeding. *Cannon-Stokes v. Potter*, 453 F.3d 446, 447-48 (7th Cir. 2006) (collecting cases).

As noted above, Plaintiff's Chapter 13 plan has been modified to include his claims against the District, such that any recovery by Plaintiff in this suit would go first to pay Plaintiff's creditors' claims, with any excess going to Plaintiff. In light of this development, the question is whether Plaintiff is judicially estopped from pursuing the claims on behalf of his creditors.

The Seventh Circuit has held that, in the bankruptcy context, "judicial estoppel has a proviso: bankruptcy fraud designed to hide an asset from creditors does not prevent the creditors themselves from realizing on the claim after its discovery." *Cannon-Stokes*, 453 F.3d at 448 (citing *Biesek,* 440 F.3d 410). According to the Seventh Circuit, it would be inequitable to use judicial estoppel – an equitable doctrine – to harm creditors. See *Biesek*, 440 F.3d at 413 ("[j]udicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application"); *Cannon-Stokes*, 453 F.3d at 448 ("it is not equitable to employ [judicial estoppel] to injure creditors who are themselves victims of the debtor's deceit"). Moreover, as the court observed in *Cannon-Stokes*, "as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied." 453 F.3d at 448.

7

Here, barring Plaintiff from pursuing the claims on behalf of the estate would harm his creditors. Therefore, consistent with the Seventh Circuit cases discussed above, the Court declines to exercise its equitable powers to bar Plaintiff from pursuing the claims for the benefit of his creditors. A number of district courts similarly have refused to apply judicial estoppel to bar a plaintiff from pursing claims on behalf of creditors. See *Swearingen-El*, 456 F. Supp. 2d at 991 (refusing to apply judicial estoppel where plaintiff reopened bankruptcy case to disclose omitted claim and was pursuing the claim on behalf of his creditors); *Smith v. American General Life Ins. Co.*, 544 F. Supp. 2d 732, 735 n.6 (C.D. Ill. 2008) (noting that courts "have refused to apply judicial estoppel where a plaintiff reopened his bankruptcy case to schedule a previously omitted claim" where the claim was "being pursued for the benefit of the creditors not the plaintiff"); *In re FV Steel & Wire Co.*, 349 B.R. 181, 188 (Bkrtcy. E.D. Wis. Sept. 1, 2006) (refusing to apply judicial estoppel when debtor reopened Chapter 7 case to include claim and the bankruptcy trustee would administer any payment on the claim for the benefit of debtor's creditors).

The Court notes that if Plaintiff prevails in this case and his recovery exceeds his creditors' claims, then a second judicial estoppel inquiry may be necessary to determine whether Plaintiff is estopped from recovering those excess proceeds. While the Seventh Circuit has not addressed the issue, a number of other courts of appeals have held that a debtor who rectifies prior omissions by amending his bankruptcy filings nevertheless is barred from asserting the previously omitted claims on his own behalf. See *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003) (applying judicial estoppel despite Chapter 7 debtor's attempt to reopen bankruptcy estate in order to avoid summary judgment); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 320-21 (3d Cir. 2003) (rejecting argument that inadequate

8

disclosure in initial scheduling by Chapter 11 debtor could be cured where there was a risk that creditors would not receive 100% payment under reorganization plan); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (refusing to permit Chapter 7 debtor to re-open bankruptcy proceeding and amend petition in order to avoid judicial estoppel); *Ardese v. DCT, Inc.*, 280 Fed. Appx. 691, 695 (10th Cir. 2008) (unpublished) (fact that, in response to defendant's motion for summary judgment, Chapter 7 debtor reopened her bankruptcy case to disclose claims "will not suffice to preclude application of judicial estoppel"). These courts reasoned that allowing debtors to avoid judicial estoppel by amending their bankruptcy schedules would discourage debtors from truthfully disclosing their assets in the first place. See *Barger*, 348 F.3d at 1297; *Krystal*, 337 F.3d at 320-21.

District courts in this circuit likewise have concluded that the doctrine of judicial estoppel applies despite the plaintiff's effort to amend his bankruptcy schedule. See *Williams*, 2009 WL 2923148, at *4 (holding that Chapter 13 debtor "cannot avoid the impact of his previous failure to disclose his claim by amending his schedule in response to summary judgment"); *Smith*, 544 F. Supp. 2d at 735 ("doctrine of judicial estoppel applies despite [plaintiff's] reopening of his bankruptcy estate and prevents him from gaming the judicial system through procedural sleight-of-hand"); *Wiggins v. Citizens Gas & Coke Utility*, 2008 WL 4530679, at *3 (S.D. Ind. Oct. 7, 2008) ("The cases are uniform that corrective action taken only after being 'caught' and compelled to do so by one's opponent is * * * not a defense to the application of judicial estoppel"); *Bland*, 2008 WL 109388, at *3 ("the balance of the opinion suggests that even if a [debtor] moves to correct an unintentional failure to disclose, if the estate abandons the action, the [debtor] cannot pursue it"). The cases discussed above suggest that Plaintiff may be barred from recovering any proceeds that exceed that which is required to make his creditors whole.

See *Wiggins*, 2008 WL 4530679, at *4 ("Because [Chapter 7 debtor] would receive any surplus monetary recovery beyond the creditors' claims, interest, and Trustee's fees that are allowed in his bankruptcy case, we conclude that the Trustee is judicially estopped from receiving any monetary recovery in this case beyond those amounts"). However, it would be premature for the Court to rule on that issue at this time.

**IV.     Conclusion**

For the reasons stated above, the District's motion for summary judgment [29] is denied. Plaintiff may pursue his claims against the District, at a minimum, on behalf of his creditors. The Court reserves ruling on whether Plaintiff may recover any amounts in excess of what is owed to his creditors. The stay of discovery is lifted and the parties are directed to submit a proposed discovery plan within 14 days.

Dated: March 29, 2010   _____
                        Robert M. Dow, Jr.
                        United States District Judge

10