IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRONIMO HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CV-5731 |
| ) | |
| FOREST PRESERVE DISTRICT OF ) | Judge Robert M. Dow, Jr. |
| COOK COUNTY ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO STRIKE
### PORTIONS OF THE AFFIDAVIT OF GRONIMO HERNANDEZ

Defendant, Forest Preserve District of Cook County, Illinois (the "District"), by and through its attorneys, moves this Honorable Court to strike portions of the Affidavit of Gronimo Hernandez ("Plaintiff"). In support of this motion, the District states as follows.

In his response to the District's motion for summary judgment, Plaintiff offered his own affidavit ("Plaintiff's Affidavit"), a copy of which is attached as Exhibit 1. Portions of the Plaintiff's Affidavit should be stricken for failure to comply with FRCP Rule 56(e). Rule 56(e) requires that affidavits in opposition to summary judgment must "be made on personal knowledge, setting forth such facts as would be admissible in evidence, and showing affirmatively that the affiant is competent to testify to the matters stated therein." *Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998). To the extent that affidavits are insufficient under Rule 56(e), they must not be considered on summary judgment. *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987). See also, *Resolution Trust Corp. v. Juergens*, 965 F.2d 149, 153 (7th Cir. 1992) (statements in an affidavit that are not based upon personal knowledge and which would not be admissible during trial should not be considered).

A motion to strike is the proper way to challenge those portions of an affidavit which do not comply with FRCP Rule 56. *Friedel,* 832 F.2d at 971*; Cusson-Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir. 1992) (statements in an affidavit that lack proper foundation, are made upon information and belief, or are conclusory or speculative, are inadmissible and subject to a motion to strike); *Bee v. Local 719, United Auto Workers*, 744 F. Supp. 835 (N.D. Ill. 1990).

In the present case, paragraphs 7, 8, 10, 13, 15, 19, and 21 of Plaintiff's Affidavit should be stricken and disregarded by this court. The text of the affidavit and the District's specific objections are below:

**Paragraph 7:** **I believe that I was assigned to this area that was close to Thompson's office to make it easier for Thomas Thompson to watch me and criticize me.**

Objection: Plaintiff has no foundation to make this statement. He is stating his belief or opinion. Plaintiff has no basis to testify about Thompson's thoughts or motivations.

**Paragraph 8:** **I believe I was moved in order to humiliate me in front of my co-workers, as originally I worked in a corner with Dwaine Hicks, and now the other employees must pass by me to get parts.**

Objection: Plaintiff has no foundation to make this statement. He is stating his belief or opinion. Plaintiff has no basis to testify about Thompson's thoughts or motivations.

**Paragraph 10:** **After I complained about Thompson's racist treatment I was assigned the oldest trucks to repair along with Dwaine Hicks who support my complaint.**

Objection: This statement directly contradicts Plaintiff's deposition testimony. Plaintiff testified that from the beginning of his employment, September 1, 2006, he had been assigned the most difficult jobs and there has been no change in the jobs assigned him. See Hernandez Dep. at 27:14-22. Therefore, there is no basis for Plaintiff's claim that Thompson assigned him the oldest trucks to repair after Plaintiff made his complaint.

**Paragraph 13:** **It is my understanding that disciplinary action forms are put into your work file and discipline can be used against you to eventually terminate you.**

Objection: Plaintiff has no foundation to make this statement. He admits that the statement is not based in fact, but is based on his "undertanding." Accordingly, Plaintiff is speculating. In addition, Plaintiff is not a management level employee and therefore has no basis to testify about the role disciplinary action forms play in the District's decision to terminate an employee.

**Paragraph 19**: **Other employees at the Garage are afraid to work with me and speak with me because the one employee that did work with me and socialize with me during breaks, Dwaine Hicks, was unlawfully demoted.**

Objection: Plaintiff has no foundation to make this statement. He cannot competently testify about someone else's thoughts and fears. In addition, there is no basis for Plaintiff's statement that Hicks was unlawfully demoted because he socialized with Plaintiff. Plaintiff is not a member of management and has no basis to testify as to the reason Hicks was offered another position with the District.

**Paragraph 21:** **Employees of the District have adopted Thompson's attitude toward me and treat me with little to no respect.**

Objection: Plaintiff has no foundation to make this statement. He cannot competently testify about what other employees are thinking and therefore, he cannot say that employees "adopted" Thompson's attitude.

**Paragraph 26:** **I have sought treatment from a psychiatrist for depression and anxiety directly related to the work environment.**

Objection: Plaintiff is not a psychiatrist and has no medical training. Therefore, Plaintiff cannot testify that his alleged depression and anxiety are "directly related" to his work environment.

Because portions of Plaintiff's Affidavit fail to comply with Rule 56(e), the District moves this Court to strike and disregard paragraphs 7, 8, 10, 13, 19, 21 and 26 of the affidavit.

**CONCLUSION**

For the reasons stated herein, the District moves this Court to strike paragraphs 7, 8, 10, 13, 19, 21 and 26 of Hernandez's Affidavit and any additional relief that this Court deems just and proper.

Respectfully submitted,

**FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS**

By: *s/ Ronald Austin, Jr.*

Hubert O. Thompson, hthompson@brothersthompson.com
Ronald Austin, Jr., raustin@brothersthompson.com
**BROTHERS & THOMPSON, P.C.**
180 N. Stetson Ave., Suite 4525
Chicago, Illinois 60601
T: (312) 372-2909

4