# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5731 | **DATE** | 1/3/2012 |
| **CASE TITLE** | Hernandez vs. Forest Preserve District of Cook County, Illinois | | |

**DOCKET ENTRY TEXT**

Following entry of judgment in its favor on September 21, 2011, Defendant submitted a bill of costs [96] pursuant to Federal Rule of Civil Procedure 54(d). The Court took the bill of costs under advisement and gave Plaintiff until October 12, 2011, to object. Plaintiff filed his objections on October 12. For the reasons stated below, the Court grants in part Defendant's request for costs [96] and awards Defendant $2,769.78 in costs.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera,* 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). Defendants claim $2,869.78 in costs – $2,254.00 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, $155.00 for fees for service of summons and subpoena, $183.78 for fees for witnesses, and $277.00 for exemplification and copies of papers necessarily obtained for use in the case.

Plaintiff makes a general objection that assessing costs would be "inequitable" in this case. Plaintiff argues that Defendant should be denied its costs because "Plaintiff was forced to work in an environment where it was made clear Defendant was seeking his termination due to his complaints of discrimination." Pl.'s Resp. at 3. The Court specifically rejected this argument in granting summary judgment for Defendants. As stated by the Seventh Circuit in *Majeske*, "there is a heavy presumption in favor of awarding costs to the prevailing party." 218 F.3d at 824. Here, the Court determined that Defendant was the prevailing party and thus Plaintiff's argument that it would be inequitable to award fees is unpersuasive. The Court now addresses whether the

**STATEMENT**

amounts requested are reasonable and supported by the record.

**A.    Court Reporting and Transcription Fees – 28 U.S.C. § 1920(2)**

First, Defendant seeks $2,254.00 in court reporting fees pursuant to 28 U.S.C. § 1920(2). The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father*, 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b). The Court has reviewed the supporting materials (including invoices) attached to Defendant's bill of costs and finds that the amounts requested are reasonable. Furthermore, the Court notes that Plaintiff has failed to demonstrate that these particular costs sought by Defendant are unreasonable or inequitable under the circumstances. Therefore, the Court awards Defendant $2,254.00 in court reporting fees.

**B.    Service of Summons – 28 U.S.C. § 1920(1)**

Fees for service of process are recoverable under 28 U.S.C. § 1920(1), but may not exceed the U.S. Marshals rate at the time that process was served. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The applicable rate is $55 per hour and $.0365 per mile. See 28 C.F.R. § 0.114(a)(3) ("For process served or executed personally-$55 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses.").

Here, Defendant seeks to recover $155.00 in service fees for serving Sam Richardson. The Court has reviewed the supporting materials (including invoices) attached to Defendant's bill of costs as well as Plaintiff's objections. Defendant used a private process server. Looking at Defendant's invoice, the court cannot "determine whether the rates they [the private process server] charged exceeded the maximum allowable rate." See, *e.g.*, *Shanklin Corp. v. American Packaging Machinery, Inc.*, 2006 WL 2054382, at *4 (N.D. Ill. July 18, 2006) ("[F]or the outside photocopying charges lacking documentation, since the Court cannot determine if the copies were charged at a reasonable rate, no costs will be awarded."). Thus, the Court reduces the service costs to $55.00, rather than the $155.00 claimed.

Defendant also claims $183.78 for "witness fees." Defendant has provided documentation supporting this request, including setting forth the attendance fee ($40.00 per individual with a total of three individuals) and the mileage totals ($13.54, $26.63, and $23.61). The Court finds these costs to be reasonable and supported by the record.

**C.    Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)**

Finally, Defendant seeks $277.00 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

**STATEMENT**

The Court has reviewed the supporting materials (including invoices) attached to Defendants' bill of costs and finds that the amounts requested are reasonable. The amounts requested are well within the bounds of copying costs previously found to be reasonable, and Defendant has provided detailed invoices in support of its request for exemplification costs. See, *e.g.*, *Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable"); *Shanklin Corp.*, 2006 WL 2054382, at *4 (same). Therefore, the Court awards Defendants $277.00 in photocopying and exemplification costs under Section 1920(4).